IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br> v.<br><br>KEVIN N. SMITH,<br><br>       Defendant. | Case No. 1:20-CR-74<br><br>The Honorable Anthony J. Trenga<br><br>Trial: July 26, 2021 |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO
PRECLUDE IMPROPER OPINION TESTIMONY BY GOVERNMENT WITNESSES**

    Mr. Kevin Smith, by and through counsel, pursuant to Rules 602, 701, and 403 of the Federal Rules of Evidence, respectfully moves this Court to preclude government witnesses, including but not limited to Patricia Simpson (also known as Patricia Overway), Michael C. Myers, and Henry Gifford Eldredge, from testifying to what Mr. Smith "understood" or "knew," as opposed to what he was told or what he said, given that such testimony about Mr. Smith's state of mind would be speculative and improper opinion testimony, and it would tend to cause unfair prejudice and mislead the jury.

    At issue in this case is whether Mr. Smith actually understood the Woman-Owned Small Business ("WOSB") regulations and subsequently knowingly violated them, or whether he was merely one of many unknowing participants through whom Mr. Myers and Anne B. Robins effectuated their conspiracy (of which even the Chief Operating Officer, Mr. Eldredge, is not alleged to have been a part). Having a government lay witness offer an opinion as to what Mr. Smith in fact understood or knew about SDB's WOSB status is prohibited by the Federal Rules of Evidence.

**BACKGROUND**

Discovery received to date suggests that Ms. Simpson, Mr. Myers, and Mr. Eldredge might be inclined to offer improper, speculative lay opinion testimony about what Mr. Smith actually understood or knew at the time of the alleged events. For example, in records purportedly kept by Ms. Simpson, she noted that Mr. Smith "understands" certain aspects of the WOSB set aside, as set forth in the Federal Acquisition Regulations. Furthermore, in an interview with law enforcement, upon being shown documents she had never seen before, including communications between Mr. Myers and Ms. Robins that Mr. Smith was not a part of, some of which took place prior to him being hired at SDB, Ms. Simpson told law enforcement that Mr. Smith "knew" that SDB was not a WOSB. With respect to Mr. Myers and Mr. Eldredge, both of the statements of offense they signed as part of their plea agreements contain statements about what Mr. Smith purportedly "knew." *See United States v. Michael C. Myers*, 1:21-cr-31 (E.D. Va., April 20, 2021), Dkt. 14 (statement of offense sworn to by Mr. Myers); *United States v. Henry Gifford Eldredge*, 1:21-cr-30 (E.D. Va., April 26, 2021), Dkt. 14 (statement of offense sworn to by Mr. Eldredge).

**ARGUMENT**

Testimony by government witnesses about what Mr. Smith "understood" or "knew" is precluded by Rules 602, 701, and 403.

First, such testimony is prohibited by Rule 602 because it is outside Ms. Simpson's, Mr. Myers's, or Mr. Eldredge's personal knowledge. Whether Mr. Smith in fact understood the WOSB requirements or knew that he should not self-certify SDB as a WOSB because it did not meet such requirements is beyond any government witness's personal knowledge. Such testimony is therefore based on speculation and inadmissible. Fed. R. Evid. 602; *Est. of Gee ex*

*rel. Beeman v. Bloomington Hosp. & Health Care Sys., Inc.*, No. 1:06-CV-00094-TWP, 2012 WL 729269, at *2 (S.D. Ind. Mar. 6, 2012) (granting defendants' motion *in limine* to preclude expert testimony "about what Defendants 'knew'" because it was "inescapably based on speculation.").

Second, courts have routinely excluded witness testimony about another person's intent under Rule 701 because it would not be factual testimony based on the those witnesses' perceptions nor would it be helpful to clearly understanding their testimony. *In re McCauley*, 105 B.R. 315, 320 (E.D. Va. 1989) (holding that testimony by witnesses as to what a "state judge intended" with respect to a particular obligation would be "inadmissible incompetent speculation if based on the witnesses' surmise as to the judge's intentions."); *United States v. Ebron*, 683 F.3d 105, 137 (5th Cir. 2012) (holding that witness's testimony regarding "the intent of [defendant]'s gesture was not helpful to a clear understanding of his testimony."). In a white-collar criminal case where the defendant raised a good-faith defense—as Mr. Smith will at trial—the Seventh Circuit concluded that the district court properly excluded testimony about the defendant's knowledge, or lack thereof, about the requirements of filing returns: the Seventh Circuit affirmed that "opinion testimony on a party's knowledge of the law 'in most instances . . . will not meet the requirements of Rule 701.'" *United States v. Hauert*, 40 F.3d 197, 201 (7th Cir. 1994) (quoting *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir.1992)). The Seventh Circuit reasoned that "by the nature of a tax protestor case, defendant's beliefs about the propriety of his filing returns and paying taxes, which are closely related to defendant's knowledge about tax laws and defendant's state of mind in protesting his taxpayer status, are ordinarily not a proper subject for lay witness opinion testimony absent careful groundwork and special circumstances." *Id.* at 202; *Rea*, 958 F.2d at 1219 (holding that it was an abuse of

3

discretion to allow a witness to testify to what a defendant in a tax evasion case "had to" have known, because it "was not 'helpful' within the meaning of Rule 701" and "did no more than instruct the jury as to what result it should reach on the issue of knowledge."); *United States v. Ness,* 665 F.2d 248, 249-50 (8th Cir.1981) (precluding four bank employees from offering opinions on whether coworker intended to defraud the bank); *United States v. Cox,* 633 F.2d 871, 875-76 (9th Cir.1980), *cert. denied,* 454 U.S. 844 (1981) (holding that it was error to allow witness to offer impressions regarding what the accused meant by accused's statements and contemporaneous conduct).

    Likewise, Ms. Simpson's, Mr. Myers's, and Mr. Eldredge's testimony regarding Mr. Smith's understanding and knowledge would not be helpful to their testimony regarding what they discussed with Mr. Smith, including what Ms. Simpson discussed with Mr. Smith when providing him advice about how to grow SDB's business, or when Mr. Myers and Mr. Eldredge discussed with Mr. Smith how to increase opportunities for SDB. Such testimony is therefore inadmissible under Rule 701. Fed. R. Evid. 701.

    Finally, such testimony is prohibited by Rule 403 because any probative value is substantially outweighed by a danger of unfair prejudice and misleading the jury.[1] While the jury can infer what Mr. Smith understood or knew based on his conversations and communications with others, it would be unfairly prejudicial and would tend to mislead the jury

---

[1] While the defense understands that Ms. Simpson, Mr. Myers, and Mr. Eldredge will be offered by the government as lay witnesses, Rule 704 provides that "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state . . . that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evid. 704(b). For similar reasons, it would cause unfair prejudice and tend to mislead the jury if a lay witness is permitted to offer an opinion as to whether Mr. Smith understood the WOSB requirements and knew that SDB could not self-certify as a WOSB.

for Ms. Simpson, Mr. Myers, or Mr. Eldredge to offer their opinions as to what Mr. Smith understood or knew.

## CONCLUSION

For all the reasons discussed above, and any other reason appearing to this Court, Mr. Smith respectfully requests that the Court issue an order precluding government witnesses, including Patricia Simpson (also known as Patricia Overway), Michael Myers, and Henry Gifford Eldredge, from testifying to what Mr. Smith knew or understood.

Respectfully submitted,

/s/
Jonathan Jeffress (#42884)
Amelia Schmidt (admitted *pro hac vice*)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: aschmidt@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Kevin N. Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July 2021, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress