# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN N. SMITH, <br><br> Defendant. | Case No. 1:20-CR-74 <br><br> The Honorable Anthony J. Trenga <br><br> Trial: July 26, 2021 |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE REDUNDANT, IMMATERIAL, CONFUSING, MISLEADING, AND PREJUDICIAL TESTIMONY REGARDING THE FEDERAL ACQUISITION REGULATIONS, THE SYSTEM FOR AWARD MANAGEMENT, AND NASA CONTRACTING**

Mr. Kevin Smith, by and through counsel, pursuant to Rules 401 and 403 of the Federal Rules of Evidence, respectfully moves this Court to preclude redundant, immaterial, confusing, misleading, and prejudicial testimony regarding the Federal Acquisition Regulations ("FAR"), the System for Award Management ("SAM"), and National Aeronautics and Space Administration ("NASA") contracting.

On July 12, 2021, the government noticed its intention to call Joyce McDowell, formerly a NASA contracting officer and acting small business specialist, Christopher Clarke, an attorney with the Small Business Administration ("SBA") general counsel's office, and/or Glenn Delgado, a NASA associate administrator for small business programs, to testify about, *inter alia*, the Woman-Owned Small Business ("WOSB") program, the SAM, NASA contracting, and/or the materiality of WOSB representations by subcontractors in the NASA contracting process. Government Expert and Rule 404(b) Notice, attached as Ex. 1, at 1-2. While these witnesses are not going to be offered as experts, the government contends that they can testify as

lay witnesses under Rule 701.  The government apparently intends to call the foregoing witnesses even though it will already be presenting similar testimony on the same subjects through an array of other fact witnesses, including NASA officials Ellen Lamp and Christopher Zuber, and prime contractor employees, namely Annette Holmes (Jacobs Technology) and Jill Schroeder and/or Rhonda Barrett (former Vencore).  *See* Ex. 1 (Government Notice) at 2 (government indicating it also plans to call "various NASA officials with knowledge of the government contracting process—including Ellen Lamp, Christopher Zuber," as well as elicit "similar testimony from current or former prime contractor employees, namely Annette Holmes (Jacobs Technology) and Jill Schroeder and/or Rhonda Barrett (former Vencore).").  The testimony of the government's witnesses should be limited to avoid the presentation of cumulative, confusing, misleading, and prejudicial evidence.

## **FACTUAL BACKGROUND**

The SBA administers programs designed to help different small businesses compete, one of which is for WOSBs.  SDB first began representing itself as a WOSB beginning in 1994, when the company was created.  According to the Anne B. Robins's Statement of Offense, at the direction of, *inter alia*, Michael C. Myers and his father, she "agreed to become the titular and majority owner of [SDB] so that [SDB] could obtain government contracting preferences afforded to woman-owned small businesses." *United States v. Anne B. Robins*, 1:21-cr-32 (E.D. Va., April 27, 2021), Dkt. 14 at ¶ 5.

Mr. Smith did not start working at SDB until 2014, almost two decades after the company had first begun representing itself as a WOSB.  Before Mr. Smith had even started working at SDB, the company had already previously represented itself as a WOSB to both QNA/Vencore (Prime Contractor #1), Jacobs (Prime Contractor #2), and in SAM.

2

The extent to which Mr. Smith understood whether SDB could continue to self-certify as a WOSB in 2014, as it had for the past 20 years, will be at issue at trial. What will not be contested at trial is the legal definition of a WOSB or even whether SDB met that definition in 2014 and 2015.

The government nonetheless intends to call numerous witnesses regarding the legal definition of a WOSB at the time and the extent to which a particular prime contractor may have relied on SDB's self-certified WOSB status (or not) in deciding whether to award a particular sub-contract. These other witnesses include Ellen Lamp and Christopher Zuber from NASA, Annette Holmes from Jacobs (Prime Contractor #2), and Jill Schroeder and/or Rhonda Barrett from QNA/Vencore (Prime Contractor #1). Ex. 1 (Government Notice) at 2.

Nonetheless, based on its recent disclosure, the government also intends to call Ms. McDowell, an additional NASA witness familiar with the government contracting process generally, as well as Mr. Clarke and/or Mr. Delgado, two additional witnesses familiar with the WOSB program, NASA contracting generally, and SAM. These witnesses have no familiarity with the specific facts of this case.

## **ARGUMENT**

The government's apparent plan to call up to *eight different witnesses* to testify about the subjects of (1) how the Federal Acquisition Regulations define a WOSB; (2) how companies certify that status in SAM; and (3) how NASA prime contractors value WOSBs as subcontractors, is obvious overkill.

This is not a civil case. The issue at this trial will not be whether SDB legally qualified as a WOSB under the FAR in 2014 and 2015—it did not. Instead, the issue is how Mr. Smith, in July and August 2014, read and understood the WOSB requirements and SDB's ability to self-

3

certify as a WOSB, and whether he was one of many unknowing participants through which Mr. Myers (the former Vice President, Chief Executive Officer, and minority owner) and Ms. Robins (the former President and majority owner) effectuated their conspiracy to falsely represent SDB as a WOSB, including via SAM, to prospective prime contractors.

Spending significant trial time focused on the separate (and undisputed) issue of whether SDB in fact qualified as a WOSB would be a waste of resources and, moreover, confuse and mislead the jury about the state-of-mind question at the heart of this case. Instead of evaluating Mr. Smith's knowledge of the WOSB definition and SDB's eligibility to self-certify as a WOSB, the jury is likely to be misled and confused into thinking that the question at the heart of this case is simply whether SDB was a WOSB. The vast majority of the government's planned testimony should accordingly be excluded under Rule 403. In addition, no witness should be able to offer his or her own interpretation of the WOSB regulations, as that is plainly expert legal testimony. Fed. R. Evid. 702.

## I. The testimony of eight witnesses regarding the FAR, SAM, and NASA contracting would be cumulative and more prejudicial than probative and violates Rule 403.

Rule 403 permits this Court to exclude evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, because the government intends to call additional witnesses who will add nothing beyond what other witnesses with personal knowledge will testify to, their testimony would be merely cumulative. *United States v. Bales*, 813 F.2d 1289, 1296 (4th Cir. 1987) (finding no error in precluding witness testimony where "much" of the testimony "would have been merely cumulative"). Allowing Ms. McDowell, Mr. Clarke, and Mr. Delgado to testify—in addition to

4

the numerous other witnesses regarding the same subjects—would allow the government to repeatedly emphasize a single, undisputed aspect of this case, creating substantial risk that Mr. Smith will be unfairly prejudiced. There is significant danger that the jury will be misled into convicting Mr. Smith not because he knew and understood the WOSB definition and SDB's eligibility, but simply because SDB was not in fact a WOSB when it represented itself as one (regardless of whether Mr. Smith understood that).

The government's trial plan would cause undue delay, waste time, and, most concerning of all, unfairly prejudice Mr. Smith by misleading the jury about the actual issues in this case. Accordingly, Ms. McDowell, Mr. Clarke, and Mr. Delgado should be precluded from testifying under Rule 403 to avoid confusing the issues, misleading the jury, unnecessary delay, wasting time, and prejudice to Mr. Smith through the cumulative presentation of evidence. Additionally, the Court should limit the testimony of the government's five other fact witnesses to accomplish the same end.

## **CONCLUSION**

For all the reasons discussed above, and any other reason appearing to this Court, Mr. Smith respectfully requests that the Court issue an order precluding the government from offering redundant, immaterial, confusing, misleading, and prejudicial testimony regarding the FAR, SAM, and NASA contracting.

Respectfully submitted,

_____/s/_____
Jonathan Jeffress (#42884)
Amelia Schmidt (admitted *pro hac vice*)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: aschmidt@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Kevin N. Smith*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July 2021, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress